IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-347-BO

| | |
|---|---|
| JIMMY RADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [DE 35, 38]. Mr. Radford alleges that the Administrative Law Judge ("ALJ") erred by failing to find that he meets Listing 1.04. For the reasons stated below, Plaintiff's Motion [DE 35] is GRANTED, Defendant's Motion [DE 38] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## BACKGROUND

Plaintiff applied for disability insurance benefits on June 28, 2007, alleging an onset date of December 18, 2002. Tr. 111-13. His claim was denied initially, Tr. 54-57, and on reconsideration, Tr. 65-73. Plaintiff timely requested a hearing before an ALJ. His hearing was held on December 15, 2009, before ALJ Larry A. Miller. Tr. 26-51. ALJ Miller denied Plaintiff's claims in a decision dated February 16, 2010. Tr. 14-21. Plaintiff sought Appeals Council review of the ALJ's decision, which was denied on August 24, 2010, and ALJ Miller's decision then became the final agency determination. Tr. 5-7. Having exhausted his

administrative remedies, Plaintiff filed a motion for leave to proceed *in forma pauperis*, with complaint attached, in this Court on June 30, 2011 [DE 1]. The parties have each moved for judgment on the pleadings. A hearing on the cross-motions was held in New Bern, North Carolina, on August 6, 2012 [DE 41]. The motions are now ripe for adjudication.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation marks omitted).

An individual is considered disabled if the individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

### I. The Five-Step Sequential Evaluation

Regulations issued by the Commissioner establish a five-step sequential evaluation

process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's RFC is assessed to determine if the claimant can perform physical and mental work activities on a sustained basis despite limitations from his impairments. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. *See* 20 C.F.R. § 404.1512(g). If the claimant cannot perform other work, then he is found to be disabled.

## II. The ALJ's Decision of February 16, 2010

In this case, the ALJ found that the claimant has not been under a disability, as defined in the Social Security Act, since December 18, 2002, the alleged onset date. Tr. 21. At step one, the ALJ found that the claimant had not engaged in substantial gainful activity from his alleged onset date of December 18, 2002 through his date last insured of December 31, 2007. Tr. 16. At step two, he found that at all times relevant to this decision, the claimant had the following

severe impairments: lumbar degenerative disc disease and chronic obstructive pulmonary disorder. Tr. 16.

At step three, the ALJ found that the claimant has not had an impairment that met or medically equaled an impairment listed in 20 C.F.R. § 404, Subpart P, App. 1. Tr. 16. At step four, the ALJ found that Mr. Radford has the RFC to perform "a narrow range of sedentary work as defined in 20 C.F.R. 404.1567(a) except that while taking normal breaks, the claimant can stand and/or walk for a total of two hours and sit for a total of six hours in an eight hour work day." Tr. 17. He further found that Mr. Radford could "lift, carry, push and pull ten pounds occasionally and needs to be able to alternate his position as required." Tr. 17. Finally, he found that Mr. Radford could "occasionally stoop, crouch, kneel and crawl but may perform no work in environments with respiratory irritants, such as dust, fumes and smoke." Tr. 17. The ALJ found that Mr. Radford was unable to perform any past relevant work. Tr. 19. However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Mr. Radford could have performed. Tr. 20. Because the Court holds that the ALJ's determination that Mr. Radford does not meet Listing 1.04 is not supported by substantial evidence, the Court reverses and remands for an award of benefits and does not address Mr. Radford's other arguments on appeal.

## Listing 1.04

In his decision, the ALJ noted summarily that he had "considered...[Listing ] 1.04." Tr. 17. However, he failed to specifically address Mr. Radford's medical condition and symptoms in evaluating the Listing. Listing 1.04 is met when a claimant suffers from a spinal disorder "resulting in compromise of a nerve root...or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the

spine, motor loss...accompanied by sensory or reflex loss and if there is involvement of the lower back, positive straight-leg raising test." 20 C.F.R. Pt. 404, Subpt. P, App. I, Listing 1.04.

The record demonstrates that Mr. Radford suffers from disc degeneration at L4-L5 and L5-S1 as well as congenitally short pedicles which predispose him toward more severe symptoms. Tr. 179, 260, 290, 292, 293, 307. For example, on April 16, 2003, Dr. Kushner noted that "[t]he MRI shows degenerative disk disease at L4-5 with posterior bulge and protrusion with mild to moderate spinal canal narrowing,...degenerative disk disease at L5-S1 without evidence of significant spinal canal narrowing...[and] a congenitally small spinal canal." Tr. 179. Dr. Kushner further observed that "the study was not well tolerated and was suggestive of a proximal lesion at the root level." Tr. 179. Mr. Radford's severe pain is well-documented in the record. Tr. 178, 179, 258, 260, 263, 283, 285, 287, 307, 471. Examining physicians have also noted motor loss and sensory loss. Tr. 178, 182, 203, 258, 260, 269, 285, 287, 471. Finally, the record contains evidence of several positive straight-leg raising tests. Tr. 179, 259, 261, 263, 279, 287, 326, 327. Although the Commissioner defends the ALJ's conclusion, the ALJ provided no reasoning for finding that Mr. Radford did not meet Listing 1.04. In light of the record evidence as a whole, the Court holds that the ALJ's conclusion was not supported by substantial evidence and must be reversed.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more

evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). In *Breeden*, the Fourth Circuit noted that "the statute governing review in Social Security cases authorizes [the court] to reverse the [Commissioner]'s decision 'with or without remanding the cause for a rehearing.'" *Id.* at 1011-12 (citing 42 U.S.C. § 405(g)).[1] It further held that such reversal without remand was appropriate where a case had been pending in the agency and courts for almost five years–less than the time that has elapsed in Mr. Radford's case. Because there is not substantial evidence in the record to support the ALJ's conclusion, and because the evidence as a whole compels a conclusion that Mr. Radford meets Listing 1.04, the Court concludes that the Commissioner is obliged to find in favor of the claimant in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion [DE 35] is GRANTED, Defendant's Motion [DE 38] is DENIED, and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

SO ORDERED. This /9 day of August, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Specifically, the statute as currently codified provides that "[t]he [reviewing] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2010).